IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

WILLIAM S. TAYLOR, SR.

    Plaintiff,

vs.                                    No. 19-cv-02614-MSN-dkv

STATE OF TENNESSEE
(DEPT. OF SAFETY)

    Defendant.

---

REPORT AND RECOMMENDATION FOR SUA SPONTE DISMISSAL

---

On September 11, 2019, the plaintiff, William S. Taylor, Sr. ("Taylor"), filed a *pro se* employment complaint on the court-supplied form complaint against the defendant, the State of Tennessee Department of Safety ("the State"), alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), disability discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.* ("ADA") and retaliation.[1]  (Compl. 1, ECF No. 1.)  Accompanying the complaint

---

[1] This court will construe Taylor's complaint as raising a disability discrimination claim under the ADA.  Even though Taylor did not check to box for bringing a claim under the ADA on the first page of the court-supplied form complaint, he did check the

was a motion seeking leave to proceed *in forma pauperis*, (ECF No. 2.), which the court granted on September 23, 2019. (ECF No. 6.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that Taylor's sex, age, and disability discrimination and retaliation claims be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

I.    PROPOSED FINDINGS OF FACT

Taylor filed his complaint on a court-supplied form styled "Complaint." (Compl., ECF No. 1.) In the space provided for alleging the discriminatory conduct, Taylor checked the boxes for termination of employment, failure to accommodate disability, and retaliation. (*Id.* at ¶6.) He states that the alleged discriminatory acts occurred on July 18, 2018 and August 17, 2018.

---

box next to "Disability" as a basis for his claim of disability on page four of the form complaint. In addition, the EEOC Right to Sue notice and the EEOC determination letter attached to the form complaint state that Taylor alleged in his EEOC charge that he was "suspended, discharged, laid off, harassed, denied a promotion, and denied a pay raise . . . due to [his] disabilities . . . in violation of the [ADA]." (Compl., ECF No. 1-1.) "[B]ecause aggrieved employees — and not attorneys - usually file charges with the EEOC, their *pro se* complaints are construed liberally, so that courts may also consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charges." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010).

(*Id.* at ¶7.)   In describing the circumstances that gave rise to

his claims of discrimination, Taylor sets forth the following

facts:

> "I had to go to juvenile court with my daughter because
> of domestic [violence] by her [child's father] who also
> threaten[ed] to kill our family at the hospital . . . I
> brought in the letter from the [Department of Children's
> Services] worker and [from] the court when I came back
> to work, but [I] was still given a warning and put on
> restricted leave."   (*Id.* at ¶10)

In the complaint, Taylor states that he was over 40 years old at

the time of the alleged discrimination. (*Id.* at ¶9.)

Taylor filed charges against the State with the Equal

Employment Opportunity Commission ("EEOC") on November 1, 2018.

(*Id.* at ¶12.)   Attached to his complaint is the EEOC Notice of

Right to Sue and the EEOC determination letter, which Taylor

received on June 26, 2019.  (*Id.* at ¶12.)   The EEOC's determination

letter notified Taylor that its investigation did not include any

allegation of discharge on November 13, 2018 "because the discharge

occurred after [he] filed [his] EEOC charge on September 20, 2018."

The letter further instructed him to file a new charge on or before

September 9, 2019 for the November 13, 2018 discharge.   (Compl.,

ECF No. 1-1.)

For relief, Taylor seeks the following: (1) that the State

reinstate him; (2) that the State assign him to the job that his

VA doctor suggested; (3) that the State pay him $4,000 per month

and interest in back pay beginning November 23, 2018; and (4) that

the State pay him compensatory damages for "raises not given" and damage to his "name and character." (Compl. 6, ECF No. 1.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

This report and recommendation will constitute the court's screening. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

  (i)     is frivolous or malicious;

  (ii)    fails to state a claim on which relief may be granted; or

  (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

### B.   Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled

out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants.  Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party.  While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.    Taylor's Title VII Sex Discrimination Claim

In the form complaint, Taylor checked the box for discrimination based on "Gender/Sex."  (Compl. ¶ 9, ECF No. 1.) Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex."  42 U.S.C. § 2000e-2(a).  A reverse discrimination claim carries a different and more difficult *prima*

*facie* burden than an ordinary sex discrimination claim. *Briggs v. Potter*, 463 F.3d 507, 517 (6th Cir. 2006). To establish a *prima facie* case of reverse sex discrimination, a plaintiff is required to show that the "background circumstances support the suspicion that the defendant is that unusual employer who discriminates against the majority . . . and upon a showing that the employer treated differently employees who were similarly situated but not members of the protected group." *Id.* (citing *Yeager v. Gen. Motors Corp.*, 265 F.3d 389, 397 (6th Cir. 2001)).

Taylor is a male and, thus, brings a reverse discrimination claim, in which the State is the "unusual employer who discriminates against the majority." *Id.* However, neither the complaint nor the attached EEOC Right to Sue notice and determination letter include any factual allegations whatsoever regarding the State treating male employees any differently than female employees. Taylor simply alleges that he was "given a warning and put on restricted leave" after going to juvenile court with his daughter. (Compl. ¶ 9, ECF No. 1.) The complaint does not include any other factual allegations. Specifically, Taylor has not alleged that female employees were treated more favorably under similar circumstances. Because Taylor has failed to plead facts sufficient for the court to infer the essential elements of a gender discrimination claim, it is recommended that Taylor's

Title VII sex discrimination claim be dismissed for failure to state a claim upon which relief can be granted.

D.    Taylor's Age Discrimination Claim

Taylor also checked the box in the form complaint for discrimination based on "Age."  (Compl. ¶ 9, ECF No. 1.)  The elements establishing a *prima facie* case of age discrimination under the ADEA are that the plaintiff (1) was at least forty years old at the time of the alleged discrimination, (2) was subjected to an adverse employment action, (3) was otherwise qualified for the position, and (4) was replaced by a younger worker.  *McKnight v. Gates*, 282 F. App'x 394, 400 (6th Cir. 2008).  Taylor is fifty-eight years old and, thus, satisfies the age requirement. (Compl. ¶ 9, ECF No. 1.)  However, Taylor has not included any factual allegations that he was subjected to an adverse employment action because of his age or that he was replaced by a younger worker. Again, the only factual allegation in the complaint is that Taylor was "given a warning and put on restricted leave" after going to juvenile court with his daughter. (Compl. ¶ 9, ECF No. 1.)  Because Taylor has failed to plead sufficient facts for the court to infer the essential elements of an age discrimination claim, it is recommended that Taylor's claim under the ADEA be dismissed for failure to state a claim upon which relief may be granted.

E.    Taylor's Disability Discrimination Claim

The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A *prima facie* case of disability discrimination under the ADA requires a plaintiff to show that: (1) he or she is disabled; (2) he or she is otherwise qualified for the position, with or without reasonable accommodation; (3) he or she suffered an adverse employment decision; (4) the employer knew or had reason to know of the plaintiff's disability; and (5) the position remained open while the employer sought other applicants or the disabled individual was replaced. *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 703 (6th Cir. 2008)(internal citation and quotation marks omitted)(citing *Macy v. Hopkins Cnty. Sch. Bd. of Educ.,* 484 F.3d 357, 365 (6th Cir. 2007)).

In order to demonstrate that the employer subjected the plaintiff to an adverse employment action, the plaintiff must show that the defendant "changed the terms or conditions of her employment in a way that was materially adverse to her." *Hollins v. Atl. Co.*, 188 F.3d 652, 662 (6th Cir. 1999). The change must be more than a mere inconvenience; it must be of the magnitude of a termination of employment, a demotion, a decrease in salary, a

material loss off benefits.  *Id.*  (citing *Crady Liberty Nat'l Bank & Trust Co. of Ind.*, 993 F.2d 132, 136 (7th Cir. 1993)).

Taylor checked the box in the form complaint indicating that he was being discriminated against based on disability.  (Compl. ¶9, ECF No. 1.)  Additionally, the EEOC determination letter attached to the complaint indicates that Taylor's alleged in this EEOC charge that he was "denied an accommodation because of [his] disability."  (Compl., ECF No. 1-1.)  The EEOC determination letter also states that "additional information from [the State] was gathered as part of the [EEOC] investigation that indicated that at the time of [Taylor's] discharge [the State] had worked to accommodate [Taylor] in various ways."  (*Id.*)  Taylor makes no specific reference to any adverse employment decision relating to a disability, nor does he even specify in his complaint any type of disability.  The complaint is devoid of any factual allegations concerning a disability. Furthermore, the information provided in the EEOC's determination letter contradicts Taylor's allegations of disability discrimination by stating that the EEOC's investigation found that the State attempted to accommodate Taylor's disability.  (*Id.*)  Because Taylor has failed to plead facts sufficient for the court to infer the essential elements of a claim for discrimination based on disability under the ADA, it is recommended that Taylor's claim under the ADA be dismissed for failure to state a claim upon which relief may be granted.

F.    Taylor's Retaliation Claim

Taylor also checked to box in the form complaint for "Retaliation" indicating that the State retaliated against him. (Compl. ¶6, ECF No. 1.)  It is unclear, however, whether the retaliation claim is brought under Title VII, the ADEA, or the ADA.  Regardless, Taylor fails to state a claim for retaliation in this case.

To establish a *prima facie* claim of retaliation, a plaintiff must show: (1) that he engaged in protected activity; (2) that the employer was aware of his protected activity; (3) that the employer subsequently took an adverse employment action against him; and (4) that there was a causal connection between the protected activity and the adverse employment action.  *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 523 (6th Cir. 2008)(citations omitted).  Taylor's complaint contains no factual allegations whatsoever that the State took an adverse employment action against him for engaging in a protected activity.

The only factual allegation concerning any "activity" in which Taylor engaged was that he went to juvenile court with his daughter and that as a result of being absent from work to go to juvenile court, he was "given a warning and put on restricted leave."  (Compl. ¶10, ECF No. 1.)  Taylor does not include any factual allegation that he was terminated for attending juvenile court.  Being absent from work to attend juvenile court is not a

11

protected activity.  *See, e.g.*, 42 U.S.C. § 2000e-3(a)(explaining

that there are two types of "protected activity" for purposes of

a Title VII retaliation claim: (1) "oppos[ing] any practice made

an unlawful employment practice" by Title VII, and (2) making a

charge, testifying, assisting, or participating in an

"investigation, proceeding, or hearing" under Title VII); *Speck v.*

*City of Memphis*, 594 F. Supp. 2d 905, 923 (W.D. Tenn. 2009)("[A]n

employee is protected against employer retaliation under the ADEA

for opposing any practice that the employee reasonably believes to

be a violation of ADEA."); *Rorrer v. City of Stow*, 743 F.3d 1025,

1046 (6th Cir. 2014)(citations omitted)("The ADA . . . protects

individuals only from retaliation for engaging in, or aiding

another who engages in, activity covered by the ADA . . . Protected

activity [under the ADA] typically refers to action taken to

protest or oppose a statutorily prohibited discrimination.")

Additionally, a "warning" and "restricted leave" do not rise

to the level of adverse employment actions for claims of

retaliation.  To establish an adverse employment action for

retaliation claims, "a plaintiff must show that a reasonable

employee would have found the challenged action materially

adverse, which in this context means it well might have dissuaded

a reasonable worker from making or supporting a charge of

discrimination."  *Garner v. Cuyahoga County Juvenile Court*, 554

F.3d 624, 639 (6th Cir. 2009)(citing *Burlington Northern & Santa*

*Fe Ry. v. White*, 548 U.S. 53 (2006)).  A reasonable employee would not construe a "warning" and "restricted leave" as materially adverse.  Consequently, those actions do not rise to the level of adverse employment actions for claims of retaliation.  Because Taylor has failed to plead facts sufficient for the court to infer the essential elements of a claim for retaliation, it is recommended that Taylor's retaliation claim be dismissed for failure to state a claim.

## III.  RECOMMENDATION

For the foregoing reasons, this court recommends that Taylor's claims for sex, age, and disability discrimination and retaliation be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted this 4th day of November, 2019.

s/Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.